UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PHILLIP A. HAYES, a single person,<br><br>            Plaintiff,<br><br>     v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA, a foreign insurer,<br><br>            Defendant. | NO.  CV-11-263-EFS<br><br>**ORDER GRANTING PLAINTIFF'S STIPULATED MOTION TO REMAND ACTION TO WHITMAN COUNTY SUPERIOR COURT** |

Before the Court, without oral argument, is Plaintiff's Motion for Remand to State Court, ECF No. 4. All parties have stipulated that this case should be remanded to the Superior Court of Washington for Whitman County. ECF No. 9. After reviewing the submitted material and applicable legal authority, the Court is fully informed and grants Plaintiffs' Motion for Remand.

**I.  BACKGROUND**

Plaintiff originally filed this action in Whitman County Superior Court (Case No. 11-2-00119-7) on May 5, 2011, seeking monetary damages arising out of an insurance coverage dispute. Complaint, ECF No. 1-1. Defendant removed the action to this Court on July 14, 2011, asserting that jurisdiction was proper under 28 U.S.C. § 1332, the diversity of

ORDER GRANTING MOTION
FOR REMAND TO STATE COURT ~ 1

citizenship statute. ECF No. 1. Plaintiffs moved this Court for remand on July 18, 2011, asserting that 1) this Court lacked subject matter jurisdiction under § 1332; and 2) that removal was untimely. ECF Nos. 4 & 5. Plaintiffs also requested attorney's fees incurred as a result of the removal. *Id*. at 5. On August 8, 2011, Defendants stipulated to remand. ECF No. 9.

## II.  ANALYSIS

### A.  Diversity Jurisdiction

Under § 1332, District Courts have jurisdiction over disputes arising between citizens of different states that have an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). A corporation is deemed to be a citizen of both the state in which it was incorporated and the state in which it has its principal place of business. *Id*. § 1332(c)(1). When the parties to a § 1332 action become non-diverse or are discovered to be non-diverse, a district court does not have subject matter jurisdiction and must dismiss or remand the matter. Here, Plaintiff is a Washington resident, Complaint, ECF No. 1-1 at 1, and Defendant concedes that it is a corporation organized under Washington law. ECF No. 1 at 2. Subject matter jurisdiction is thus lacking under § 1332, and the Court must grant Plaintiff's stipulated motion for remand.

Because the Court's lack of jurisdiction mandates remand, the Court does not reach Plaintiff's argument that removal was untimely.

### B.  Attorney's Fees

The federal removal jurisdiction statute, 28 U.S.C. § 1447, provides that an order remanding a case to state court "may require

ORDER GRANTING MOTION
FOR REMAND TO STATE COURT ~ 2

payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

In this action, Defendant had no objectively reasonable basis for seeking removal. Defendant's notice of removal cites *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010), for the proposition that because Defendant's corporate officers direct the company from its Boston, Massachusetts office, Defendant is a citizen only of Massachusetts for diversity purposes. *See* ECF No. 1 at 2. *Hertz Corp.*, however, was clearly the Supreme Court's attempt to explicate the "principal place of business" prong of § 1332(c)(1), and in no way indicated that it was intended to displace the "state of incorporation" prong. *See id.* at 1186 (stating in first paragraph that "we conclude that the phrase 'principal place of business' refers to the place where the corporations' high level officers direct, control, and coordinate the corporation's activities"); *see also id.* at 1188 (recognizing that the "state of incorporation" rule has been "virtually absolute" since *Black and White Taxicab & Transfer Co. v. Brown and Yellow Taxicab & Transfer Co.*, 276 U.S. 518 (1928)). Because the rule that a corporation is a citizen of the state in which it is incorporated is so well-established and elementary as to be axiomatic, Defendant lacked an objective basis for removal and an award of attorney's fees is proper.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Remand to State Court, **ECF No. 4**, is **GRANTED**.

2. Plaintiff's request for attorney's fees, ECF No. 4 at 5, is **GRANTED**. Plaintiff is directed to **file a motion for attorney's fees**, including an accounting of all fees and costs necessarily incurred as a result of Defendant's removal, with this Court **within 30 days**.

3. This case is **REMANDED** to the Whitman County Superior Court of the State of Washington (Civil Cause No. 2011-2-00119-7).

4. This file is **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to:

1. Enter this Order;

2. Provide copies of this Order to counsel; and

3. Provide a certified copy of this Order to the **Clerk of the Whitman County Superior Court of the State of Washington,** Civil Cause No. 2011-2-00119-7.

**DATED** this     22nd     day of August 2011.

                    S/ Edward F. Shea
                    EDWARD F. SHEA
                    UNITED STATES DISTRICT JUDGE

Q:\Civil\2011\263.stipulated.remand.lc02.wpd

ORDER GRANTING MOTION
FOR REMAND TO STATE COURT - 4